379 A.2d 915.

STATE *vs.* ANTHONY M. KACHANIS.

NOVEMBER 11, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J.   This is an appeal from a judgment of conviction following a jury verdict of guilty on one count of filing a false police report, one count of conspiracy to obtain money under false pretenses and one count of attempted larceny from an insurance company.

On the evening of Friday, November 14, 1975, a car belonging to defendant was taken from the parking lot of a shopping mall where he and his wife were doing some early Christmas shopping. The defendant reported this loss to the police in that city and subsequently filed a claim with his insurance company. One week later the Warwick police contacted Kachanis and requested an interview with him; he and his wife went to the police station that evening. Soon after his arrival, his *Miranda* rights were recited to him and he was questioned about the disappearance of his car. As a result of the interchange between defendant and two Warwick officers, Kachanis wrote out a statement describing and implicating himself in a plot to dispose of his car and to collect from his insurance carrier for the loss of the car. On the basis of this statement and prior statements by others who admitted involvement in the disappearance and dismantling of the car, defendant was booked, then released to appear the following Monday morning.

A preliminary hearing on defendant's motion to suppress and dismiss was held prior to trial. The basis of this motion was defendant's claim that the police officers continued their interrogation of him after he had identified his attorney and requested to speak with him, and that the self-incriminating statement made by him was inadmissible at trial since it was obtained through violation of his sixth-amendment rights. In denying defendant's motion, the trial justice found that defendant had asked for his attorney but had waived this right by continuing to speak voluntarily to the officers. On the following day defendant went to trial on the merits before a justice of the Superior Court sitting with a jury. A guilty verdict was returned on each of the three counts charged. Kachanis was sentenced to serve 1 year on the first count; on the second and third counts he was sentenced to a 5-year term, the first year to run concurrent and the remaining 4 years suspended, with probation for 4 years. Execution of the judgment was stayed pending this appeal.

The defendant bases his appeal on two claims of error: first, that the trial justice erred in allowing into evidence statements made by defendant during custodial interrogation; and second, that the trial justice erred in allowing into evidence photographs of motor vehicle parts without proper foundation.

The first claim of error stems from the denial of defendant's motion to suppress and dismiss. At the hearing on that motion, defendant asserted, as he does now on appeal, that he informed the police of his desire to consult an attorney and that interrogation continued without his being able to do so. That the accused has the right to consult an attorney is clear. *State* v. *Lachapelle*, 112 R.I. 105, 111, 308 A.2d 467, 470 (1973). "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning." *Miranda* v. *Arizona*, 384 U.S. 436, 474, 86 S. Ct. 1602, 1628, 16 L. Ed. 2d 694, 723 (1966). The testimony of both defendant and his wife at the preliminary hearing support his claim that such a request was made of but not honored by the interrogating officers. The prosecution did not ask the police officers, who testified later, any questions concerning this claim. No testimony contradicting defendant's version of the story was given at that hearing.[1] The defendant contends that, on the basis of testimony at the preliminary hearing, no waiver of his right to counsel could be found and therefore denial of his motion to suppress was error.

---

[1] A subsequent denial of defendant's version of his request for counsel was made by one of the interrogating officers at trial. Our focus, however, is on the preliminary hearing. Errors in rulings on fundamental deprivations, such as denial of counsel, at that stage are not cured by later rulings, even if correct, made at trial. *Jennings* v. *Superior Court*, 66 Cal.2d 867, 428 P.2d 304, 59 Cal. Rptr. 440 (1967); *People* v. *Walker*, 385 Mich. 565, 189 N.W.2d 234 (1971).

The heavy burden of demonstrating the defendant's waiver of his right to counsel rests with the prosecution. *Id.* at 475, 86 S. Ct. at 1628, 16 L. Ed. 2d at 724; *State v. Lachapelle, supra* at 109, 308 A.2d at 469. Such a burden cannot be met by presuming waiver from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70 (1962); *Miranda v. Arizona, supra* at 475, 86 S. Ct. at 1628, 16 L. Ed. 2d at 724. Here the record is not silent as to the defendant's claim that counsel was requested; it is silent as to any refutation of that claim. The trial justice erred in denying the defendant's motion to suppress.

The defendant's appeal is sustained, the judgment of conviction is vacated, and the case is remanded to the Superior Court for a new trial.

*Julius C. Michaelson,* Attorney General, *Nancy Marks Rahmes,* Special Assistant Attorney General, for plaintiff.

*Martin L. Greenwald,* for defendant.