STATE of Minnesota, Respondent,

v.

Harold James BENFORD, Appellant.

No. 49599.

Supreme Court of Minnesota.

Feb. 22, 1980.

C. Paul Jones, Public Defender, and Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson, and Thomas A. Weist and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

ROGOSHESKE, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the second degree, Minn.Stat. § 609.343(a, c, d) (1978),[1] and aggravated assault, Minn.Stat. § 609.225, subd. 2 (1978).[2] The trial court sentenced defendant to a limited term of 1 year and 1 day to 5 years (rather than the 15-year maximum permitted by statute) for the sex conviction. The state's evidence at trial revealed that defendant, age 24, fondled an 11-year-old girl who had run away from home and had agreed to go for an automobile ride with him. During the encounter, defendant was armed with a loaded gun, which he used in a threatening manner. On this appeal from judgment of conviction defendant contends (1) that both his convictions should be reversed on the ground of insufficient evidence or (2) that at least the aggravated assault conviction should be reversed on the ground that the sex conviction and the assault conviction are the same offense for double jeopardy purposes and that since they were based on the same conduct only one of the two may stand. We affirm.

There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. It is true that when complainant first reported the offense she exaggerated what had happened, claiming that defendant had picked her up against her will, but she corrected this later that day when she talked to a female police officer. Further, the record includes other strong evidence pointing to defendant's guilt and corroborating complainant's positive testimony at trial.

Defendant's other contention is that his two convictions represent the same offense for double jeopardy purposes and that therefore the aggravated assault conviction

1. Minn.Stat. § 609.343 (1978) provides:

   A person is guilty of criminal sexual conduct in the second degree and may be sentenced to imprisonment for not more than 15 years if he engages in sexual contact with another person and if any of the following circumstances exists:

   (a) The complainant is under 13 years of age and the actor is more than 36 months older than the complainant. Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense; or

   *   *   *   *   *   *   *

   (c) Circumstances existing at the time of the act cause the complainant to have a reasonable fear of imminent great bodily harm to the complainant or another; or

   (d) The actor is armed with a dangerous weapon or any article used or fashioned in a manner to lead the complainant to reasonably believe it to be a dangerous weapon and uses or threatens to use the dangerous weapon to cause the complainant to submit.

2. Minn.Stat. § 609.225, subd. 2 (1978), provides that "[w]hoever assaults another with a dangerous weapon but without inflicting great bodily harm" is guilty of aggravated assault. Minn. Stat. § 609.22 (1978) provides that one commits an assault if he either "[d]oes an act with intent to cause fear in another of immediate bodily harm or death" or "[i]ntentionally inflicts or attempts to inflict bodily harm upon another."

must be reversed.[3] Defendant argues that, assuming his sex conviction was under subsection (d), the elements of aggravated assault with a dangerous weapon and of second-degree criminal sexual conduct under subsection (d) are the same, making aggravated assault an included offense. If we were to assume that the sex conviction was based upon subsection (d) only and not (a) or (c), then the test which we would apply is the so-called *Blockburger* test. Under the *Blockburger* test if each offense requires proof of elements that the other does not, then the offenses are separate notwithstanding a substantial overlap in the proof offered to establish the crimes. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

We do not reach this issue, however, because it is unfair to conclude that the jury relied on subsection (d) rather than (a) or (c) in convicting defendant. Both defendant and the prosecutor rejected the trial court's suggestion that questions be attached to the verdict forms. In the absence of such questions, we have no way of knowing whether the jury relied on (d) rather than on (a) or (c). While it is true, as defendant points out, that the court sentenced defendant for the sex offense to a minimum term provided by Minn.Stat. § 609.11 (1978), this does not mean that the court assumed that defendant was convicted under subsection (d). Section 609.11 permits a minimum term even if the offense itself does not have as an element the use of a dangerous weapon; what is required is not that the use of a dangerous weapon be an element of the offense but that the conviction be for an offense wherein the defendant had a dangerous weapon in his possession when he committed it. Here the aggravated assault conviction made it clear that the jury believed defendant had a dangerous weapon in his possession and therefore defendant could have been sentenced on the sex conviction to a minimum term even if the conviction was based on subsec-

tion ʹa) or (c). Since we cannot presume that the sex conviction was based only on subsection (d), we do not reach the double jeopardy issue raised by defendant.

Affirmed.

---

**3.** We are not faced with an issue under Minn. Stat. § 609.035 (1978), which bars multiple sentences or multiple prosecutions for multiple offenses arising from a single behavioral incident, since the issue here is multiple convictions, not multiple sentences or prosecutions.