**STATE of Minnesota, Respondent,**

v.

**Richard Erwin DISCHER, Appellant.**

**No. 50041.**

Supreme Court of Minnesota.

July 3, 1980.

C. Paul Jones, Public Defender, and Michael F. Cromett, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of one count of kidnapping, Minn. Stat. § 609.25, subd. 1(2) (1978), two counts of criminal sexual conduct in the first degree, Minn. Stat. § 609.342(c), (d) (1978), and one count of assault with a dangerous weapon, Minn. Stat. § 609.225, subd. 2 (1978). The trial court sentenced

defendant on one of the two counts of criminal sexual conduct in the first degree to a prison term of 1 year and 1 day to 20 years. On this appeal from judgment of conviction defendant contends that the trial court prejudicially erred in admitting *Spreigl* evidence and in its instructions on this evidence and that two of his convictions—one of the two for criminal sexual conduct in the first degree and the one for assault with a dangerous weapon—should be vacated as being barred by Minn. Stat. § 609.04 (1978).

■ We hold that the trial court did not commit prejudicial error in admitting the other-crime evidence or in its instructions to the jury on the use of this evidence. *State v. Volstad,* 287 N.W.2d 660 (Minn.1980).

■ The state concedes that one of the two convictions for criminal sexual conduct in the first degree must be vacated under § 609.04, which bars convicting a defendant twice for the same offense (or of one offense and a necessarily included offense) on the basis of the same act. *See State v. Koonsman,* 281 N.W.2d 487 (Minn.1979). However, the state challenges defendant's contention that the offense of assault with a dangerous weapon is a necessarily included offense of either subsection (c) or (d) of § 609.342.

Minn. Stat. § 609.342(c), (d) (1978) reads as follows:

> A person is guilty of criminal sexual conduct in the first degree and may be sentenced to imprisonment for not more than 20 years, if he engages in sexual penetration with another person and if any of the following circumstances exists:
>
> \* \* \* \* \* \*
>
> (c) Circumstances existing at the time of the act cause the complainant to have a reasonable fear of imminent great bodily harm to the complainant or another; or
>
> (d) The actor is armed with a dangerous weapon or any article used or fashioned in a manner to lead the complainant to reasonably believe it to be a dangerous weapon and uses or threatens to use the weapon or article to cause the complainant to submit.

Minn. Stat. § 609.225, subd. 2 (1978) provides that "Whoever assaults another with a dangerous weapon but without inflicting great bodily harm" is guilty of aggravated assault. Section 609.22 provides that one commits an assault if he either "(1) Does an act with intent to cause fear in another of immediate bodily harm or death; or (2) Intentionally inflicts or attempts to inflict bodily harm upon another."

In our recent decision in *State v. Benford,* 289 N.W.2d 498 (Minn.1980), we refused to decide whether assault with a dangerous weapon was a necessarily included offense under subsection (d) of § 609.343—which is identical to subsection (d) of § 609.342 except that sexual contact rather than sexual penetration is involved—but in so doing we implicitly held that it was not a necessarily included offense under subsection (c). It appears from the judgment in the file that defendant was sentenced on count III, which charged defendant with criminal sexual conduct in the first degree under subsection (c). If this is so, then the conviction for criminal sexual conduct which must be vacated pursuant to the state's concession is the conviction under subsection (d), which means that the issue avoided in the *Benford* case must again be avoided. Because the record on appeal does not clearly present the issue, we accordingly refuse to decide it.

Convictions for kidnapping, criminal sexual conduct and assault with a dangerous weapon affirmed; one conviction for criminal sexual conduct ordered vacated.