STATE of Minnesota, Respondent,

v.

Paul R. HAYES, Appellant.

No. 51177.

Supreme Court of Minnesota.

March 13, 1981.

C. Paul Jones, Public Defender, and Ronald E. Hunter, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Paul N. Heckt, Sp. Asst. Attys. Gen., St. Paul, Wayne H. Swanson, County Atty., Crookston, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of charges of burglary, criminal sexual conduct in the second degree, and two counts of assault with a dangerous weapon, Minn.Stat. §§ 609.58, subd. 2(1)(b); and 609.222 (1980). The charges arose from defendant's forced entry into a house, his armed sexual assault of a fourteen-year-old girl, and his armed assault of the girl's father. Defendant was sentenced to concurrent terms of twenty years for burglary and five years for assault of the father. He was not sentenced for assault of the girl.

There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. Although, because it was dark in her room, the victim of the sexual attack had a limited opportunity to identify her assailant, her father and her brother had ample opportunity to observe him when he was confronted as they tried to prevent his escape. He was instantly recognized as having installed a cable television connection in the house two weeks earlier.

A second issue, and one which we declined to decide in *State v. Discher*, 295 N.W.2d 99 (Minn.1980) and *State v. Benford*, 289 N.W.2d 498 (Minn.1980), is whether assault with a dangerous weapon is a lesser-included offense of criminal sexual conduct by a person armed with a dangerous weapon. We hold that it is.

Minn.Stat. § 609.343 (1980) provides, in relevant part, as follows:

> A person is guilty of criminal sexual conduct in the second degree and may be sentenced to imprisonment for not more than 15 years if he engages in sexual contact with another person and if any of the following circumstances exist:
>
> \* \* \* \* \* \*
>
> (d) The actor is armed with a dangerous weapon or any article used or fashioned in a manner to lead the complainant to reasonably believe it to be a dangerous weapon and uses or threatens to use the dangerous weapon to cause the complainant to submit \* \* \*

Minn.Stat. § 609.342(d) (1980) is identical except that there is a requirement of sexual penetration rather than sexual contact.

Minn.Stat. § 609.222 (1980), provides:

Whoever assaults another with a dangerous weapon but without inflicting great bodily harm may be sentenced to imprisonment for not more than 5 years or to payment of a fine of not more than $5,000 or both.

Minn.Stat. § 609.224 (1980) provides:

Whoever does any of the following commits an assault * * *:

(1) Does an act with intent to cause fear in another of immediate bodily harm or death; or

(2) Intentionally inflicts or attempts to inflict bodily harm upon another.

Conviction under either section 609.342(d) or section 609.343(d) requires proof that the defendant caused the complainant to submit to sexual contact or sexual penetration by use, or threatened use, of a dangerous weapon. We do not find that assault with a dangerous weapon requires proof of any element which these subsections do not also require. Minn.Stat. § 609.222 (1980) which is governed by section 609.224 requires as an element of the offense fear of immediate bodily harm or death, and subsection (d) of the two sex statutes does not. However, it is inconceivable that a dangerous weapon would cause a victim to submit to sexual contact or sexual penetration without also causing her to fear immediate bodily harm or death. Under such circumstances, we hold that one who violates subsection (d) of either section 609.342 or section 609.343 of necessity also commits an assault with a dangerous weapon.

Accordingly we vacate the lesser of the two convictions. In so doing, we rely on the Blockburger test, *see Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and Minn.Stat. § 609.04 (1980). The other three convictions are affirmed.

Three convictions affirmed; assault conviction is vacated.