**STATE of Minnesota, Respondent,**

v.

**John MATILLA, Appellant.**

**No. C3–82–1082.**

Supreme Court of Minnesota.

Oct. 14, 1983.

C. Paul Jones, Minnesota State Public Defender by Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty. by John E. DeSanto, Asst. Co. Atty., Duluth, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of the felony offense of theft by swindle of over $2,500 and of the misdemeanor offense of falsely reporting a crime, Minn.Stat. §§ 609.52, subds. 2(4) and 3(1) and 609.505 (1982). In compliance with the Minnesota Sentencing Guidelines and Commentary (1982), the trial court sentenced defendant to 18 months in prison but stayed execution of sentence and placed defendant on probation for 3 years, with probation conditioned on defendant's spending 1 year in jail and making restitution. The court sentenced defendant to a concurrent 60 day

jail term for the misdemeanor offense. On this appeal from judgment of conviction defendant seeks (1) an outright reversal of both convictions on the ground that the evidence of his guilt was legally insufficient, (2) a new trial on the ground that the trial court improperly admitted evidence or rebuttal that was not rebuttal evidence, or (3) a vacation of the misdemeanor conviction pursuant to Minn.Stat. § 609.04 (1982) or at least a vacation of the sentence for that offense pursuant to section 609.035. We affirm both defendant's convictions but vacate the sentence for the misdemeanor offense.

 The state's evidence, which included inculpatory statements by defendant to an acquaintance, sufficiently established that defendant faked a burglary, filed a false police report, and then obtained over $2,500 from his insurer for personal property which he claimed was taken in the burglary. The jury determined the credibility of the witnesses.

■ We conclude that the trial court properly exercised its discretion in admitting certain rebuttal evidence by the state.

■ We also reject defendant's contention that the misdemeanor conviction should be vacated pursuant to Minn.Stat. § 609.04 (1982), which forbids two convictions of the same offense or of one offense and a lesser-included offense on the basis of the same criminal act. In determining whether a lesser offense is a necessarily included offense, we look at the statutory definitions rather than the facts in a particular case to determine if a lesser offense is necessarily included. *State v. Gayle,* 327 N.W.2d 1 (Minn.1982). Doing that, we conclude that one can easily commit felony theft by swindle without filing a false police report. It follows from that that the filing offense is not necessarily included in the theft offense.

■ The state concedes that defendant's sentence for the misdemeanor offense must be vacated pursuant to Minn.Stat. § 609.-035 (1982), which prohibits multiple sentences for multiple offenses committed as part of a single behavioral incident.

Affirmed as modified.