**STATE of Minnesota, Respondent,**

v.

**Richard Lowell EVANS, Appellant.**

**No. C3–83–1190.**

Court of Appeals of Minnesota.

April 17, 1984.

Review Denied July 26, 1984.

C. Paul Jones, State Public Defender, Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant..

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, County Atty., Steven C. De-Coster, Asst. Ramsey County Atty., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and WOZNIAK, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Richard Evans participated in the robbery of the Timmers' household in Maplewood, a St. Paul suburb, in which Thomas Timmers, age 17, was shot and killed. Evans was charged with aiding and abetting three crimes: (1) second degree murder (felony murder); (2) attempted aggravated robbery; and (3) burglary with a dangerous weapon. His three companions pled guilty, including the gunman, and appellant, the lookout, stood trial, claiming he had withdrawn from the enterprise when its character changed from burglary to armed robbery. Found guilty by a jury on all counts, Evans' appeal raises questions of the trial court's instructions on the burden of proof of withdrawal, and refusal of three other requested instructions. He claims further that he was improperly convicted of included crimes and multiply sentenced for the same behavioral incident.

We affirm in part, vacate in part and modify the sentence.

## ISSUES

1. Did the trial court commit reversible error by refusing to instruct the jury that once the defense of abandonment or withdrawal is raised, the State must prove lack of withdrawal or abandonment beyond a reasonable doubt?

2. Did the trial court commit reversible error by denying defense counsel's requested specific instruction on defendant's theory of the case?

3. Did the trial court commit reversible error when it failed to include in the felony murder instruction a statement explaining that intent to commit the underlying felony is an essential element of second degree murder?

4. Did the trial court commit reversible error by refusing to submit an instruction on conspiracy to commit aggravated robbery?

5. Was defendant improperly convicted of included offenses under Minn.Stat. § 609.04 (1982), and improperly sentenced for the same behavioral incident under Minn.Stat. § 609.035 (1982)?

## FACTS

Appellant, Richard Evans, told Jeffrey Prax and Jon Richard that he knew of a home in which a large sum of money was kept. Appellant showed the others the house and drew a diagram of the premises, outlining the location of the safe in the garage.

There was conflicting testimony as to whether the parties planned to carry unloaded or loaded weapons during the robbery. Appellant's taped statement played at trial indicates he thought the plan was to commit a burglary, or alternatively a robbery with unloaded weapons. He did not testify.

On the night of the crime, Richard and Prax collected guns, masks and gloves. They stole a truck. Prax persuaded Duane Schmieg to drive. The group parked the truck one block away. Schmieg remained in the truck. Appellant was the lookout near the Timmers' house while Prax and

Richard went to the garage. Appellant (in his statement) claims that he then turned and ran away. Richard and Prax broke into the garage. Finding the safe locked, Prax went to the back door and knocked, planning to force a family member to unlock the safe. Thomas Timmers opened the door. Prax pointed the gun at him and said "this is a stick-up." A struggle ensued, the gun discharged and Timmers was mortally wounded.

Prax and Richard then ran back to the truck and joined Schmieg and appellant. The four of them agreed not to talk to anyone about the incident, and dumped Prax's gun in the Mississippi River. Although appellant claimed in his statement that he ran away from the scene, Sergeant Arnold testified that appellant admitted that he returned to the truck after the shooting and participated in disposing Prax's weapon.

Appellant was charged with (1) aiding and abetting second degree felony murder with attempted aggravated robbery as the underlying felony, in violation of Minn. Stats. §§ 609.19(2) (1982) and 609.05 (1982); (2) aiding and abetting attempted aggravated robbery in violation of Minn.Stats. §§ 609.245 (1982), 609.05 and 609.17 (1982); and (3) aiding and abetting burglary with a dangerous weapon, in violation of Minn. Stat. § 609.58, subd. 2(1)(b) (1982). The jury found the appellant guilty as charged.

## DISCUSSION

### I

Appellant asserts he was entitled to an instruction that once the defense of abandonment has been raised, the State must prove lack of abandonment beyond a reasonable doubt. The defense of abandonment or withdrawal in an aiding and abetting offense is defined in Minn.Stat. § 609.-05, subd. 3 (1982):

A person who intentionally aids, advises, hires, counsels, or conspires with or otherwise procures another to commit a crime and thereafter abandons his purpose *and makes a reasonable effort to prevent the commission of the crime prior to its commission* is not liable if the crime is thereafter committed.

(Emphasis added).

The trial court did instruct the jury, consistent with CRIMJIG 4.02, that the defendant is not liable for a crime if he abandoned his purpose and made a reasonable effort to prevent the crime before it was committed. However, the trial court refused to include a statement summarizing the burden of proof for the abandonment defense because the court believed this was already covered in other instructions.

Appellant's statement makes no claim that he made *any* effort to prevent the commission of the crime, as required by Minn.Stat. § 609.05, subd. 3. He claims only that he ran away from the scene. The evidence at trial was that appellant returned to the truck after the shooting, participated in the disposal of the murder weapon, and maintained a conspiracy of silence. When the record is devoid of any effort on the defendant's part to prevent his companions from committing the crime, he is not even entitled to an instruction on the defense of withdrawal. *State v. Alexander*, 290 Minn. 5, 185 N.W.2d 887 (1971). In any event, considering the entire charge, the instructions fairly apprised the jury of its duties. *State v. Malaski*, 330 N.W.2d 447 (Minn.1983).

### II

Appellant also asserts the trial court committed reversible error by failing to submit the following instruction:

It is Mr. Evans' position that he originally agreed to participate in a burglary of the Timmers' home, but when he found out that the others involved were using loaded firearms, he withdrew from the planned burglary. If you have a reasonable doubt as to whether Mr. Evans withdrew from the planned burglary, you must find him not guilty (of the murder, the attempted aggravated robbery and burglary with a dangerous weapon charges).

■ The jury instruction requested by the appellant misstates the defense of abandonment or withdrawal as defined by Minn.Stat. § 609.05, subd. 3, because it fails to include the essential statutory element of making a reasonable effort to prevent the commission of the crime. A trial court is not obligated to submit a jury instruction which misstates the law. *State v. Turnipseed*, 297 N.W.2d 308 (Minn. 1980).

### III

Appellant claims the trial court committed reversible error when it failed to include within the felony murder instruction a statement explaining that intent to commit the underlying felony is an essential element of felony murder.

The trial court presented the instructions in a logical manner which required the jury to refer to the instruction on aiding and abetting attempted aggravated robbery when it examined the elements of felony murder. The attempted aggravated robbery instruction included an unchallenged instruction on intent. The jury was told to consider the instructions as a whole and was given a written copy of them.

■ CRIMJIG 11.10.2 appears to suggest that the definition of the underlying felony should be given within the felony murder instruction. However, this is unnecessary where the underlying felony is being charged as a separate offense and is defined immediately after the felony murder instruction. The trial court included the requested instruction on intent in a sequential format which minimized the likelihood of undue emphasis of one element of an offense. A trial court's instructions to a jury must be viewed in their entirety and reviewed as a whole. *State v. Billington*, 241 Minn. 418, 426, 63 N.W.2d 387, 392 (1954). Under the circumstances, the minor variance from CRIMJIG 11.10.2 does not constitute reversible error.

### IV

Appellant further alleges that conspiracy to commit aggravated robbery is a lesser included offense to aiding and abetting attempted aggravated robbery and therefore a conspiracy instruction should have been given.

In *State v. Edwards*, 343 N.W.2d 269, 274 (Minn.1984), the Supreme Court said:

The general rule is that a trial court has to submit a lesser offense only if it is a so-called lesser-included offense and only if there is evidence that produces a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser offense.

■ Conspiracy requires a collective criminal agreement to commit a crime and an overt act by any one of the conspirators in furtherance of the agreement. Minn. Stat. § 609.175, subd. 2; *Bukowski v. Juranek*, 227 Minn. 313, 35 N.W.2d 427 (1948). Under the aiding and abetting statute, a person is liable for a crime committed by another if he "intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime." Minn.Stat. § 609.05, subd. 1.

■ Here, the appellant himself disputed the presence of a collective criminal agreement to attempt to commit an aggravated robbery. There is no question that he played a knowing role in the commission of the offense and took no steps to thwart its completion and thus was an aider and abettor. *State v. Strimling*, 265 N.W.2d 423 (Minn.1978). He instigated and helped plan the robbery, acted as lookout, returned to the getaway truck, participated in the disposal of the murder weapon and remained silent about the incident. In light of this evidence, there was no rational basis upon which to find the appellant guilty of conspiracy to commit aggravated robbery, but not guilty of aiding and abetting attempted aggravated robbery. Thus, the conspiracy instruction was properly refused by the trial court.

### V

1. Appellant asserts he was improperly convicted of included offenses under Minn. Stat. § 609.04. Appellant was sentenced as follows for aiding and abetting three offenses: (1) 116 months for felony murder

(with attempted aggravated robbery as the underlying felony); (2) 54 months for attempted aggravated robbery; and (3) 54 months for burglary with a dangerous weapon with the sentences to run concurrently.

An included offense is "a crime necessarily proved if the crime charged were proved." Minn.Stat. § 609.04, subd. 1(4) (1982). In determining whether an offense should be considered an included offense, the court is to examine the statutory definitions of the offenses. *State v. Matilla*, 339 N.W.2d 54, 55 (Minn.1983).

Under Minn.Stat. § 609.19(2), one is guilty of felony murder by causing someone's death "while committing or attempting to commit a felony offense * * *." Clearly, attempted aggravated robbery is an included offense of felony murder when the underlying felony is attempted aggravated robbery. *See State v. Morgan*, 296 N.W.2d 397, 402 n. 3 (Minn.1980).

The conviction of the offense of aiding and abetting attempted aggravated robbery must be vacated. *See State v. Hayes*, 304 N.W.2d 882 (Minn.1981).

2. Minn.Stat. § 609.035 precludes sentencing a defendant more than once for multiple offenses committed against the same victim during a single behavioral incident. *State v. Patch*, 329 N.W.2d 833 (Minn.1983). Here, the felony murder was committed during the course of the attempted robbery and the events constituted a continuous, uninterrupted course of conduct.

The conviction and sentence for aiding and abetting burglary with a dangerous weapon stands as it is not an included offense and was not charged as the underlying felony in the felony murder charge. Appellant concedes that this sentence is exempted from § 609.035.

## DECISION

We affirm the trial court's refusal to include the jury instructions requested by defense counsel. We affirm the convictions and sentences for aiding and abetting second degree murder and aiding and abetting burglary with a dangerous weapon.

We vacate the conviction and sentence for aiding and abetting attempted aggravated robbery as contrary to Minn.Stats. §§ 609.04 and 609.035.

Affirmed in part, vacated in part, with the sentence modified as follows: The appellant is committed to the Commissioner of Corrections for 116 months upon the conviction of aiding and abetting second degree murder, and for 54 months upon the conviction of aiding and abetting burglary with a dangerous weapon, both sentences to run concurrently.