PEOPLE v CHAVIS

Docket No. 218911. Submitted June 15, 2001, at Detroit. Decided July 20, 2001, at 9:15 A.M. Leave to appeal sought.

Jack Chavis was convicted following a bench trial in the Wayne Circuit Court, Gershwin A. Drain, J., of making a false report of the commission of a felony. The defendant had reported to the police that he had been beaten and robbed at gunpoint of his wallet, jewelry, and automobile at "South Fort and Outer Drive." Subsequently, the defendant admitted that he had lied about the location of the robbery because the robbery had occurred in conjunction with a drug purchase and he had not wanted to have to explain why he was in the area in which the robbery actually had been committed. As a result of the admissions, the defendant was charged with making a false report of a crime. The court found that a robbery had occurred, but found the defendant guilty of making a false report of the commission of a felony on the basis of the false testimony concerning the location of the crime. The defendant appealed.

The Court of Appeals *held*:

MCL 750.411a(1) provides that "a person who intentionally makes a false report of the commission of a crime" is guilty of a crime. The use of the language "commission of a crime" clearly connotes the harm sought to be punished is the making of a false report that a crime has been committed where no crime has been committed rather than the supplying of false information concerning the details of a crime that was actually committed. Because the trial court found that a robbery had been committed, it was error to convict the defendant under MCL 750.411a(1) on the basis of the false information that the defendant gave concerning the location at which the robbery occurred.

Reversed.

CRIMINAL LAW — MAKING A FALSE REPORT OF A CRIME.

The statute making it a crime to intentionally make a false report of the commission of a crime is intended to punish the making of a false report that a crime has been committed where no crime has been committed rather than the supplying of false information concerning the details of a crime that was actually committed; giving

false information concerning the location at which a crime was committed does not subject the person giving such false information to criminal liability under the statute making criminal the making of a false report of the commission of a crime (MCL 750.411a[1]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Marcia A. Petito*, Assistant Prosecuting Attorney, for the people.

*Richard Glanda*, for the defendant.

Before: GAGE, P.J., and FITZGERALD and MARKEY, JJ.

PER CURIAM. Following a bench trial, defendant was convicted of making a false report of the commission of a felony, MCL 750.411a(1)(b), and was sentenced to a one-year probationary term with the first thirty days to be served in jail. Defendant appeals as of right. We reverse.

On April 14, 1998, defendant called police and reported that he had been robbed and carjacked by four males. He indicated that one assailant pointed a gun at his head, while the other three assailants had baseball bats. The assailants allegedly took defendant's car, his wallet, a gold ring, and a gold necklace. Defendant informed the police that he was carjacked at "South Fort and Outer Drive," but that the carjackers dropped him off at "South Fort and Francis." Police officers located defendant's car within an hour. The person driving defendant's car explained that "crack cocaine was involved" and that he had been given the car by a person matching defendant's description. After being questioned by police about the version of events provided by the person driving

defendant's car, defendant admitted that he was purchasing crack cocaine at the time of the carjacking and that he lied about the location of the carjacking because he did not want to tell police why he was in the area. As a result of the admissions, defendant was charged with making a false report of a crime. On appeal, the issue presented is whether the offense of filing a false report of the commission of a crime proscribes the reporting of false details concerning the crime. We review de novo questions of statutory interpretation. *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996).

MCL 750.411a(1), which is entitled "false crimes, reports to police officers . . . ," provides in relevant part: "[A] person who intentionally makes a false report of the commission of a crime . . . is guilty of a crime." A fundamental rule of statutory construction is to ascertain the purpose and intent of the Legislature in enacting the provision. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 212; 501 NW2d 76 (1993). When a statute is clear and unambiguous, judicial construction or interpretation is unnecessary and, therefore, precluded. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992). If reasonable minds can differ concerning the meaning of a statute, however, judicial construction is appropriate. *Heinz, supra* at 295.

Here, the statute proscribes the intentional making of "a false report of the *commission* of a crime." MCL 750.411a(1) (emphasis added). The plain language of the statute provides that those who make police reports falsely claiming that a crime has been committed are guilty of making a report of a false crime. See, e.g., *People v Lay,* 336 Mich 77; 57 NW2d 453

(1953) (the defendant was convicted, under the predecessor of § 411a, of making a "fictitious report of the commission of any crime" after falsely telling the police that he had put poison in a bottle of home-delivered milk to catch the person who had been stealing his milk).[1] To construe the statute to encompass false information concerning the details of an actual crime would be a significant departure from the plain language of the statute. Because the false information reported by defendant in the present case did not pertain to whether a crime occurred, the conviction for filing a false report of the commission of a crime cannot be sustained.[2] Accordingly, we reverse defendant's conviction and sentence.

Reversed.

---

[1] Our research has unveiled no Michigan cases where a defendant was convicted of the crime of making a false report of the commission of a crime for lying about details other than whether a crime had actually been committed. Our research of federal and foreign states' case law has not unveiled any cases where a defendant was convicted of this type of crime for lying about details other than whether a crime had actually been committed. See, e.g., *Smith v Arkansas*, 1999 WL 200671 (Ark App, 1999) (false report that husband broke into home); *People v Trimble*, 181 Ill App 3d 355; 537 NE2d 363 (1989) (defendant falsely told police his car was stolen); *State v Matilla*, 339 NW2d 54, 55 (Minn, 1983) (defendant falsely reported being burglarized); *State v Kachanis*, 119 RI 439, 440; 379 A2d 915 (1977) (defendant falsely reported his car stolen).

[2] The trial court's finding that a carjacking actually occurred is unchallenged on appeal.