*95 Kelly, J.
(dissenting).
The majority stretches the statutory phrase “false report of the commission of a crime” in MCL 750.41 la(l) to mean a report of false details concerning the commission of a crime. This interpretation goes beyond the plain meaning of the words the Legislature used.
I agree with the Court of Appeals that “[b]ecause the false information reported by defendant in the present case did not pertain to whether a crime occurred, the conviction for filing a false police report cannot be sustained.” 246 Mich App 741, 743; 635 NW2d 67 (2000). To the extent that this statute is ambiguous, traditional judicial construction favors my interpretation. Parenthetically, the majority ignores the inherent question that it raises: how significant must a falsehood be to trigger criminal liability under the statute?
i
The majority holds that “the plain language of the statute is not limited to only those situations where no crime has been committed; it also applies where one reports false details about the crime.” Ante at 94. It arrives at this conclusion by defining the words “report” and “commission.” These words, it concludes, refer to a “detailed account” of “the act of committing a crime.”
The majority’s interpretation does not accurately construe the plain meaning of the statute’s words because it glosses over the meaning of “the commission of a crime.” The only facts that establish “the act of committing a crime” are those that satisfy the elements of a criminal statute. It follows then that one *96 violates the statute only in falsely alleging facts that comprise the elements of a criminal statute. Extraneous details do not pertain to whether a crime has been committed.
An example clarifies the point. MCL 750.72 makes it a crime to bum a dwelling house. The facts establishing the commission of that crime are limited to those showing (1) wilful or malicious (2) burning (3) of a dwelling house, its contents, or any building within its curtilage. A false report that the perpetrator wore black clothes while setting the fire when, in fact, he wore white does not constitute the report of a false crime, i.e., a false report of the commission of a crime. Rather, it constitutes facts not essential to the crime.
The majority’s interpretation of MCL 750.41la(l) would render criminal the report of black clothes in my example. It effectively reads the limiting phrase “of the commission” right out of the statute. Doing so ignores the well-established canon of avoiding an interpretation that renders part of a statute nugatory or mere surplusage. Koontz v Ameritech Services, Inc, 466 Mich 304, 312; 645 NW2d 34 (2002).
For the reasons stated, I interpret MCL 750.411a to prohibit only the reporting of a false crime, meaning the false reporting of facts that establish the commission of a crime. Unlike the majority’s analysis, this interpretation comports with the plain language of the statute and the “fair import” of the words used. MCL 750.2.
This Court made a proper statutory interpretation in People v Lay, 336 Mich 77; 57 NW2d 453 (1953). There, it construed the statute from which MCL 750.41la(l) was drawn. It affirmed the defendant’s *97 conviction after he falsely reported to the police that he had poisoned a bottle of home-delivered milk. The Court held that the defendant’s conviction was proper because he alleged a crime that had not been committed. He alleged facts that were false and that satisfied the statutory elements of the crime.
Here, unlike in Lay, the state charged defendant for falsely reporting where in Detroit the carjacking crime occurred and why he was in that area. The carjacking statute, MCL 750.529a, requires a showing that a person, (1) by force or threat of force, (2) took a motor vehicle (3) in the presence of the lawful possessor of it. Defendant did not falsely report any of the facts establishing the elements of the carjacking. In the words of the trial court, “Mr. Chavis [] was carjacked. [H]is car was taken from him with the use of force, and ... he didn’t voluntarily turn it over or surrender it.”
Because defendant truthfully reported these, the essential aspects of the crime, he should not be chargeable under MCL 750.411a. The false statements he made were immaterial to the commission of the crime of carjacking. Accordingly, I would affirm the Court of Appeals reversal of defendant’s conviction.
ii
When reasonable but differing interpretations of a statute exist, the statute is ambiguous. In re MCI, 460 Mich 396, 411; 596 NW2d 164 (1999). Hence, because the majority’s reading of the statute is arguably reasonable, as is mine, the incompatibility of our interpretations renders this statute ambiguous. After judi *98 cial construction, however, the ambiguity is resolved in a manner that favors my interpretation.
MCL 750.41 la(l) is the part of the statute under consideration here. It reads “a person who intentionally makes a false report of the commission of a crime to a member of the Michigan state police ... or any other peace officer of this state knowing the report is false is guilty of a crime . . . .” The two subsections under subsection 1 clarify its meaning.[1] Subsection (l)(a) makes a false report of a misdemeanor itself a misdemeanor and lists the penalty. Subsection (l)(b) makes a false report of a felony itself a felony and lists a far greater penalty than does subsection (l)(a).
If the majority’s interpretation of subsection 1 were correct, a report falsifying nonessential details of a crime would draw a much greater penalty if the crime were a felony than if it were a misdemeanor. However, the details might be the same for each crime, e.g., the perpetrator wore black. It is not readily apparent why the Legislature would have distinguished in terms of criminal severity and penalty between a report of false details of a felony and a report of the same false details of a misdemeanor.
It is obvious, however, why the Legislature would have distinguished in terms of criminal severity and penalty between a report of a false misdemeanor and a report of a false felony. There, the reports would be different. One of the crimes would be more serious, *99 hence a false report of it would deserve a more severe penalty.
Therefore, any ambiguity in “false report of the commission of a crime” is best resolved to mean that the report to be criminalized is the report of a false crime.
in
I note that the majority fails to deliver any guidance to the bench and bar about how to apply its interpretation of this statute. Specifically, it fails to address how material a falsified detail must be in order to trigger criminal liability under the statute. Did the Legislature intend to criminalize the intentional falsification of even the most insignificant detail of a reported crime? This would be permitted under the majority’s interpretation. If some false details should be made crimes and others not, where does one draw the line? Without guidance on this issue, the bringing of charges under this statute becomes a matter of the prosecutor’s unfettered discretion, raising other legal problems.[2]
*100 The interpretation of the statute that I propose, by contrast with the majority’s, limits this offense to the falsification of certain identifiable information. My interpretation not only comports with the Legislature’s intent, it establishes clear boundaries of which falsifications are criminal, thus providing comprehensible guidance to our courts and our citizens.
Additionally, my interpretation avoids another problem that looms in the majority’s broad reading of the statute: that it may inhibit victims from reporting crimes for fear that they may be convicted themselves for an insignificant misstatement of fact to law enforcement officers.
iv
Accordingly, I would affirm the conclusion reached by the Court of Appeals. This Court should interpret MCL 750.41 la(l) to criminalize only the false reporting of facts that establish the commission of a crime. As defendant made no such false statement, the Court of Appeals reached the correct conclusion in reversing his conviction.

 2A Singer, Statutes & Statutory Construction (6 ed, 2000), § 47:06, pp 226-227 (“[I]t is an elementary rule of construction that all sections of an act relating to the same subject matter should be considered together unless to do so would be plainly contrary to the legislative intent.”).

 The majority takes issue with my reference to the dangers of the prosecution exercising unfettered discretion. The United States Supreme Court expressed the concern I raise when it made its decision in the case of United States v Armstrong, 517 US 456, 464; 116 S Ct 1480; 134 L Ed 2d 687 (1996), quoting Oyler v Boles, 368 US 448, 456; 82 S Ct 501; 7 L Ed 2d 446 (1962). There, it found that unfettered discretion in the prosecution can result in a violation of the constitutional right to due process of law. More to the point in this case, my concern is that the majority’s expansive interpretation of MCL 750.411a allows too easily for the statute’s selective enforcement. It thereby increases the possibility that the statute will be used as a coercive tool in violation of the constitutional constraints that govern prosecutors. While the majority enumerates current protections from prosecutorial abuse, I am unconvinced that the existence of these protections excuses this Court’s failure to provide the guidance that could afford more immediate and certain protection.