## STATE v. LEONARD M. BELLECOURT.

### 152 N. W. (2d) 61.

June 30, 1967—No. 40,192.

*Wheeler & Fredrikson* and *Robert G. Weber,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

PETERSON, JUSTICE.

Defendant appeals from his conviction of theft [1] under the following facts:

On November 27, 1964, Julius Webster, age 50, was walking to his Minneapolis home after cashing his payroll check at approximately 5 p. m. His route placed him on Fourth Avenue South, walking south on the east side of the street. Between Seventeenth and Eighteenth Streets, at approximately 5:45 p. m., Webster was approached by three men who were "walking abreast" on the public sidewalk some 40 feet in front of him. The area in question was described as "vacant" and Webster testified that besides himself and the three men walking toward him, no one else was present on the street.

---

[1] Minn. St. 609.52, subd. 2.

As they approached him, Webster recognized the three men as persons he had seen before in the area. Defendant was walking in the middle, and Webster stepped toward the curb side of the sidewalk to allow the men to pass by him. As the men passed him, Webster was suddenly struck in the face by an unknown object and rendered unconscious.[2] Recovering his consciousness shortly thereafter, Webster discovered his billfold, containing $190 in cash, missing from his person. He then proceeded to his home, approximately one and one-half blocks away, and notified the police of the theft. Webster told the police of his meeting with the three men and gave the men's names to the police. Defendant was thereafter arrested and charged with theft.

Defendant argues that the evidence fails to establish that he struck Webster or removed the victim's money and that, therefore, his conviction must be reversed. We disagree. While the evidence is obviously circumstantial, we cannot say that it does not support a reasonable inference of defendant's guilt. Defendant denied that he was "walking abreast" with two other men, and he asserted that the two other men were walking some distance *behind* him but that he did not know who they were.[3] The jury chose to believe Webster, however, and disbelieve defendant's testimony. The totality of the circumstances are, as a jury could find, inconsistent with defendant's claim of innocence. We can say in this case, as in State v. Ryan, 137 Minn. 78, 80, 162 N. W. 893, 894, involving an analogous fact situation:

"* * * The case was put to the jury in a clear and thoroughly impartial charge and so far as the record discloses the trial was entirely fair. The trial judge has given the verdict his approval. After an attentive consideration of the evidence, the inconclusive character of which is apparent and which we appreciate, we are of the opinion that the jury, having in mind the degree of proof required in criminal cases, could reasonably have found as it did. The verdict, having the approval of the trial court, should not be disturbed."

---

[2] He sustained black eyes, facial bruises, and a sprained neck from the assault.

[3] On cross-examination defendant admitted that he knew one of the two men.

We distinguish State v. Mathiasen, 267 Minn. 393, 127 N. W. (2d) 534, relied on by defendant. Mathiasen was concerned with the statutory requirements for the testimony of an accomplice under Minn. St. 634.04. We have no such issue in this case.

Defendant claims that no evidence was presented from which the offense of conspiracy [4] was proved. Defendant was not charged, however, with conspiracy, a separate offense in itself,[5] but rather with being a principal in the crime of theft under the so-called "Liability for crimes of another" statute.[6] Although the two statutes have similar language, the legislative intent behind them is different. The latter provides that a defendant is responsible as a principal if he "intentionally aids, advises, hires, counsels, or conspires with or otherwise procures" another to commit a crime.

The facts of this case do not present the problem of establishing the existence of a conspiracy for the commission of a crime or the participation in a conspiracy of a committed crime *by a person absent from the scene* of the crime. We have simply a claim by defendant that even if a crime was committed he cannot be convicted because it is not proved beyond a reasonable doubt that *he*—of the three persons present together at that time and place—struck the blow or took the money. Once a reasonable inference arises, however, from all the circumstances that defendant was a participant with two others in the commission of the crime of theft at that time and place, defendant's guilt is sufficiently established.[7] This inference is a fact question for jury determination, and the jury found, as it could, that he was such a participant.[8]

Affirmed.

---

[4] § 609.175.

[5] See, State v. Townley, 149 Minn. 5, 182 N. W. 773, 17 A. L. R. 253, certiorari denied, 257 U. S. 643, 42 S. Ct. 54, 66 L. ed. 413; State v. Peterson, 213 Minn. 56, 4 N. W. (2d) 826; State v. Burns, 215 Minn. 182, 9 N. W. (2d) 518.

[6] § 609.05.

[7] See, Lennon v. United States (8 Cir.) 20 F. (2d) 490.

[8] See, State v. Sutton, 277 Minn. 157, 152 N. W. (2d) 57.