## STATE v. STEVEN EARL BRITT.

156 N. W. (2d) 261.

February 9, 1968—No. 41,193.

*Douglas M. Head,* Attorney General, and *D. P. Mattson,* County Attorney, for appellant.

*John E. Streiff,* for respondent.

PETERSON, JUSTICE.

The state appeals from an order of the District Court of Olmsted County allowing defendant's demurrer to the indictment, with bill of par-

ticulars,[1] against him. We reverse with direction to reinstate the indictment.

Defendant was charged on September 20, 1967, by an indictment which alleges in material part as follows:

"Steven Earl Britt Is ACCUSED * * * by this indictment of the crime of criminal liability for the crime of First Degree Murder committed by another committed as follows:

"The said Steven Earl Britt on or about the 6th day of August, 1967, at the City of Rochester in the County of Olmsted and State of Minnesota, and within the jurisdiction of this Court and then and there being, *did wilfully, wrongfully, unlawfully, feloniously, and intentionally aid one Robert Francis King in the commission of the crime of Murder in the First Degree* in that the said Robert Francis King on the 6th day of August, 1967 in the City of Rochester, in the County of Olmsted and State of Minnesota, and within the jurisdiction of this Court and then and there being, did wilfully, wrongfully, unlawfully, feloniously and with premeditation and with intent to effect the death of a human being, kill a human being, to-wit, one Floyd Joseph Haley, by then and there premeditatedly and with intent to effect the death of a human being, assault the said Floyd Joseph Haley with a deadly weapon, to-wit, a firearm commonly called a revolver, loaded with powder and bullets, by then and there shooting the said Floyd Joseph Haley with said revolver and thereby inflicting upon the body of the said Floyd Joseph Haley, mortal wounds, of which said wounds the said Floyd Joseph Haley did then and there die, contrary to Minnesota Statute Section 609.185 (1) * * * such intentional aiding of the said crime committed by the said Robert Francis King being contrary to Minnesota Statute 609.05, Subd. 1, said acts constituting the crime of criminal liability for the crime of First Degree Murder committed by another, a felony, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Minnesota." (Italics supplied.)

---

[1] Ex. Sess. L. 1967, c. 7, § 1, provides in part: "In criminal cases the state may appeal in the following instances:

"(1) From an order, the substantive effect of which is to dismiss an indictment, information or complaint."

The foregoing indictment was supplemented on October 4, 1967, by a bill of particulars which states:

"1.   That the said Steven Earl Britt, on the 6th day of August, 1967, at the City of Rochester, County of Olmsted, State of Minnesota, *did then and there aid in the crime of First Degree Murder as alleged in said Indictment, by wilfully, wrongfully and unlawfully taking one Colt Model Police revolver, Caliber .38 Special, Serial No. 862957, from the person and possession of Police Officer Floyd Joseph Haley and did then and there hand said revolver to one Robert Francis King, who then and there shot the said Floyd Joseph Haley* with said revolver inflicting upon the body of said Floyd Joseph Haley, mortal wounds, of which said wounds the said Floyd Joseph Haley did then and there die." (Italics supplied.)

The stated grounds of defendant's demurrer were that the indictment does not clearly and sufficiently state a public offense and that it is not stated with such degree of certainty as would enable the court to pronounce judgment upon a conviction according to the right of the case.[2]

---

[2] Minn. St. 630.23 provides the grounds of demurrer to an indictment in part as follows: "(2) That it does not substantially conform to the requirements of sections 628.10 to 628.13, as qualified by section 628.18, or was not found within the time prescribed therein;

"(3) That more than one offense is charged in the indictment, except in cases where it is allowed by statute;

"(4) That the facts stated do not constitute a public offense."

The relevant statutory requirements referred to in § 630.23(2) are as follows:

§ 628.12 provides: "The indictment shall be direct and certain as it regards:

"(1) The party charged;

"(2) The offense charged;

"(3) *The particular circumstances of the offense charged,* when they are necessary to constitute a complete offense." (Italics supplied.)

§ 628.17 provides: "*Words used in the statutes to define a public offense need not be strictly pursued in the indictment,* but other words conveying the same meaning may be used." (Italics supplied.)

§ 628.18 provides: "The indictment shall be sufficient if it can be understood therefrom:

*     *     *     *     *

The obvious point of the demurrer was that the indictment uncertainly and vaguely charged either the "crime" of criminal liability for the crime of another or the crime of first-degree murder—or possibly both crimes.

The able trial judge was of the view that the indictment could charge only the crime of first-degree murder because there is no separate crime of criminal liability for a crime committed by another person. We agree.[3] Apparently influenced by the county attorney's expression of some uncertainty, the trial court did allow the demurrer and directed that the case be resubmitted to the grand jury pursuant to statute.[4] We do not agree that such action is right or necessary in this case.

---

"(6) That the act or omission charged as the offense is clearly and distinctly set forth, in ordinary and concise language, without repetition;

"(7) That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case."

§ 628.19 provides: "*No indictment shall be insufficient * * * by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits.* At any time before the commencement of the trial the court may permit the amendment of an indictment by counsel for the state both as to form and substance; provided, no change is made in the name or identity of the crime charged; * * * ." (Italics supplied.)

[3] Judge O. Russell Olson's memorandum made a part of his order allowing the demurrer stated in part: "The indictment here then should accuse the defendant, Steven Earl Britt, of the crime of First Degree Murder; the indictment should not accuse him of the crime of Criminal Liability for Murder but rather accuse him directly of the crime of Murder.

"There is no such separate crime as 'criminal liability' for a crime committed by another person, whether murder or any other offense. In fact, if there were such a defined separate crime, the penalty would be set by M. S. A. 609.03 at a maximum of only five (5) years imprisonment; this would be so because M. S. A. 609.05 does not provide any penalty for criminal liability for the crime committed by another and therefore the penalty could only be that prescribed in M. S. A. 609.03 * * * . Of course, neither the prosecution nor the Grand Jury in returning their indictment intended to charge defendant Britt with a crime affording only a maximum penalty of five (5) years. The legislature in enacting this law as embodied in M. S. A. 609.05 did not intend that, either."

[4] § 630.25 provides: "If the demurrer shall be allowed, the judgment shall

■ The indictment is admittedly imperfect in form, but we hold that it is not fatally defective. It does adequately apprise the defendant of the charge for which he is held and upon which he will be tried, and the bill of particulars makes it clear beyond any arguable doubt. This is so because there is no such crime as "criminal liability for a crime committed by another." The indictment expressly referred to Minn. St. 609.05, subd. 1,[5] not to the crime of conspiracy stated in § 609.175,[6] a distinction

be final upon the indictment demurred to, and a bar to another prosecution for the same offense, unless the court shall allow an amendment, where the defendant will not be unjustly prejudiced thereby, or, being of opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, shall direct the case to be resubmitted to the same or another grand jury. If the court does not allow an amendment, or shall direct the case to be resubmitted, the defendant, if in custody, shall be discharged, or, if admitted to bail, his bail shall be exonerated, or, if he shall have deposited money in lieu of bail, that shall be refunded to him."

[5] § 609.05 provides: "Subdivision 1. A person is criminally liable for a crime committed by another if he intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime.

"Subd. 2. A person liable under subdivision 1 is also liable for any other crime committed in pursuance of the intended crime if reasonably foreseeable by him as a probable consequence of committing or attempting to commit the crime intended.

\* \* \* \* \*

"Subd. 4. A person liable under this section may be charged with and convicted of the crime although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act."

[6] § 609.175 provides in part: "Subd. 2. Whoever conspires with another to commit a crime and in furtherance of the conspiracy one or more of the parties does some overt act in furtherance of such conspiracy may be sentenced as follows:

\* \* \* \* \*

"(2) If the crime intended is murder in the first degree or treason, to imprisonment for not more than 20 years; or

"(3) If the crime intended is any other felony or a gross misdemeanor, to imprisonment or to payment of a fine of not more than one half the imprisonment or fine provided for that felony or gross misdemeanor or both.

"Subd. 3. This section applies if:

we recently noted in State v. Bellecourt, 277 Minn. 163, 152 N. W. (2d) 61. As the Advisory Committee Comment to the new Criminal Code of 1963 made clear, § 609.05 simply superseded the former § 610.12,[7] without any intended change in substance. Advisory Committee Comment, 40 M. S. A. p. 70. Defendant was, therefore, obviously indicted for the crime of first-degree murder in his role as an alleged principal to the crime.

As we said in State v. Clark, 270 Minn. 538, 551, 134 N. W. (2d) 857, 867: "The essential function of either [an information or indictment] is to apprise the defendant of the charge for which he is being held and tried. If it accomplishes that purpose, we think our statutes, as well as the case law of this state, require that we hold the information [or indictment] sufficient." "The offense charged in an indictment," we said in State v. Owens, 268 Minn. 321, 325, 129 N. W. (2d) 284, 287, "is determined by the facts alleged and not necessarily by the name by which it is designated." In State v. Mancino, 257 Minn. 580, 102 N. W. (2d) 504, 505, we held, pertinent to this case, that an indictment or information otherwise sufficient is not to be defeated by the fact that it may be "inartfully drawn or awkwardly worded."

■    The trial court declined to permit the state, by amendment, to delete the statutory reference to § 609.05, subd. 1, or otherwise to recast the language of the indictment to make clear the indictment was for first-degree murder alone. Because we have held that only one crime is charged and that it is charged with sufficient clarity as it stands, the proposed amendment contemplates only the deletion of matters that are mere surplusage. If the state nevertheless still wishes to amend the indictment,

---

"(1) The defendant in this state conspires with another outside of this state; or

"(2) The defendant outside of this state conspires with another in this state; or

"(3) The defendant outside of this state conspires with another outside of this state and an overt act in furtherance of the conspiracy is committed within this state by either of them."

[7] Minn. St. 1961, § 610.12, had provided: "Every person concerned in the commission of a crime, whether he * * * aids * * * or otherwise procures another to commit a crime, is a principal, and shall be indicted and punished as such."

it follows that an amendment so limited would not be impermissible as constituting the allegation of another crime or a change in the name or identity of the crime charged.[8]

The order allowing the demurrer to the indictment is accordingly reversed and the matter remanded for further proceedings under the indictment not inconsistent with this opinion.

Reversed and remanded.

---

[8] See, § 630.25, footnote 4, *supra;* § 628.19, footnote 2, *supra.* See, also, State v. Jansen, 207 Minn. 250, 290 N. W. 557.