STATE of Minnesota, Appellant,

v.

David L. JUELFS, Respondent.

No. 48889.

Supreme Court of Minnesota.

June 23, 1978.

Rehearing Denied Oct. 23, 1978.

Warren Spannaus, Atty. Gen., William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for appellant.

Earl P. Gray, St. Paul, for respondent.

PER CURIAM.

This is an appeal brought by the prosecution pursuant to Rule 29.03, Rules of Criminal Procedure, from an order of the district court dismissing a complaint charging defendant with kidnapping. Minn.St. 609.344. We dismiss the appeal as being from a nonappealable order under Rule 29.03, subd. 1, Rules of Criminal Procedure.

Defendant was originally charged with two counts: One kidnapping (by confining a woman for the purpose of facilitating commission of the felony of criminal sexual conduct in the third degree), and two, committing third-degree criminal sexual conduct. The jury, after a trial, found defendant guilty of Count I but not guilty of Count II. Thereafter, defendant moved for entrance of judgment of acquittal or for vacation of the verdict and new trial, alleging inconsistency of the verdicts, impropriety of jurors in their deliberation, and prosecutorial misconduct. After a full Schwartz hearing the court made findings adverse to the defendant on juror misconduct but granted a new trial on the presumed inconsistency of the verdicts returned, the court adding that it feared the forms of verdicts it submitted might have confused the jury. Also, the court alluded to the issue of prosecutorial nondisclosure, which had been the subject of a denied defense mistrial motion during the trial.

The complaint, now alleging kidnapping alone, was again placed on the trial calendar and was assigned to a different judge. When the state appeared for trial, this judge granted the renewed defense motion to dismiss on the basis of the verdict inconsistency.

The general rule is that a defendant who is found guilty of one count of a two count indictment or complaint is not entitled to a new trial or a dismissal simply

because the jury found him not guilty of the other count, even if the guilty and not guilty verdicts may be said to be logically inconsistent. Annotation, 18 A.L.R.3d 259.

Minnesota cases are in accord. Thus, in *State v. Holbrook*, 305 Minn. 554, 233 N.W.2d 892 (1975), the defendant challenged a conviction of possession of heroin with intent to sell because the same jury had acquitted him of a charge of sale of the heroin. Defendant specifically argued that in order to acquit defendant of the sale charge the jury had to reject the testimony of a witness named Johnson and that if this was so it was improper to sustain the conviction for possession with intent to sell because that same testimony was essential to the conviction. Rejecting this argument, this court stated:

> " * * * There are several possible explanations, logical and otherwise, for the jury's finding defendant guilty only of the charge of possession with intent to sell. The jury in the exercise of its power of lenity could have believed all of Ms. Johnson's testimony and yet have convicted defendant of only the possession charge. The fact that the jury requested additional instructions on sale indicates that possibly the jury was confused over the meaning of sale and for that reason acquitted defendant of that charge. Because of these possibilities, we cannot accept defendant's contention that the jury's verdict means it rejected Ms. Johnson's testimony."

See, also, *State v. Jones*, 266 N.W.2d 706 (Minn.1978).

 In this case the district court should not have dismissed the complaint. However, Rule 29.03, subd. 1, Rules of Criminal Procedure, pursuant to which this appeal was taken, does not give the prosecutor the right to appeal from the dismissal. The state's remedy is not an appeal but a reissuance of the complaint.

Appeal dismissed.