STATE of Minnesota, Respondent,

v.

Rocky Lavell BOYD, Appellant.

No. C3-86-2113.

Court of Appeals of Minnesota.

Aug. 18, 1987.

**446**

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Asst. Hennepin Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Deputy State Public Defender, Minneapolis, for appellant.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Rocky Lavell Boyd was charged with two counts of simple robbery pursuant to Minn.Stat. §§ 609.24 and 609.05 (1984) and with two counts of kidnapping to facilitate the commission of a felony pursuant to Minn.Stat. §§ 609.25, subd. 1(2) and 609.05 (1984). One charge of simple robbery was dismissed and Boyd was found guilty of the remaining simple robbery charge, but found innocent of the kidnapping charges. Boyd appeals. We affirm.

## FACTS

College students Todd Sigler and Ed Wittkopp decided to go to a Hennepin Avenue bar. As they were walking towards the bar, they encountered two men who offered to sell them drugs. The students refused and proceeded to the bar. Later, returning to their car, the students encountered the same two men who again offered to sell them drugs. Sigler and Wittkopp declined and kept walking. After a short distance they were muscled into the back seat of a parked car by five men, including the two drug peddlers. The students were in the middle of the back seat with a drug peddler on each side and three men in the front seat, including Boyd, the driver. Although Sigler and Wittkopp demanded to be released, Boyd continued to drive the car and the men refused to let the students out of the car.

One of the men in the front seat and the man seated next to Sigler attempted to reach into Sigler's pocket which held the wallets of both students. Sigler put his hand over his pocket and the assailants accused Sigler of reaching for a gun and asked to see Sigler's identification to prove he was not a police officer.

During this time, an estimated 15 to 20 minutes, both Sigler and Wittkopp continued to insist that the assailants should stop the car and let them go. They were ignored, and Boyd continued to drive the car.

When the car finally stopped, the students forced their way out of the car. At this point, the man sitting next to Boyd was able to reach into Sigler's pocket and take the wallets. Wittkopp's wallet with $85 missing, came flying out of the open car door, but Sigler's wallet was not returned and the men fled in the car. The students flagged down a police car and reported the robbery incident.

A short time later, the disabled vehicle was found by the police with a student identification card and Dayton's charge card belonging to Todd Sigler lodged between the window and the body of the door. A police officer transported Sigler and Wittkopp to the area where they identified Boyd as the driver of the car.

## ISSUES

1. Were the trial court's aiding and abetting jury instructions incomplete and defective?

2. Should appellant's conviction be vacated because of inconsistent jury verdicts?

3. Is there sufficient evidence to sustain appellant's conviction?

## ANALYSIS

### I.

Boyd was found guilty of simple robbery pursuant to Minn.Stat. §§ 609.24 and 609.-05. Minn.Stat. § 609.05 defines a person's liability for crimes of another and in part provides:

A person is criminally liable for a crime committed by another if he intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime.

Minn.Stat. § 609.05, subd. 1 (1984).

■ Boyd claims the trial court's jury instruction was defective and incomplete and caused prejudicial error. Boyd's requested instruction that more than presence or passive approval of a crime is necessary for liability under Minn.Stat. § 609.-05, subd. 1 was denied.

Generally, a court's refusal to give a requested instruction lies within the discretion of the trial court. *State v. Daniels,* 361 N.W.2d 819, 831 (Minn.1985). A court is not required to give a proposed instruction if the substance of the instruction is already contained in the court's charge. *Id.* at 832.

The trial court gave the following instruction, which is consistent with 10 *Minnesota Practice,* CRIM. JIG. *4.01* (1985):

Now, the Defendant is guilty of a crime committed by another person if the Defendant has intentionally aided, abetted, advised or hired or requested the other person to commit the crime, or had intentionally aided, abetted, advised, hired or requested the other person to commit it. If the Defendant intentionally aided another person in committing a crime or intentionally advised or hired another person to commit it, the Defendant is also guilty of any other crime which that person commits while trying to commit the intended crime, if that other crime was reasonably foreseeable as a committed, intended crime.

However, the Defendant is guilty of a crime only if the other person commits a crime. The Defendant is not liable, criminally, for aiding or advising or hiring or requesting the commission of a crime unless some crime is actually committed. Now, if the Defendant aided or advised or hired or requested the commission of a crime by another person and the crime was committed, the Defendant is guilty of the crime.

The instruction was repeated when the jury came back with questions concerning the charges.

■ The trial court's instruction was proper and the additional instruction was unnecessary. The instructions specifically informed the jury that before a person may be found guilty under Minn.Stat. § 609.05 the jury must find the person intentionally aided or abetted another in committing the crime. This form of instruction was sufficient to exclude mere presence or passive approval.

Boyd's counsel was allowed to argue that Boyd's presence, alone, is insufficient and does not show appellant's actions were intentional for purposes of imposing liability under Minn.Stat. § 609.05. There was no abuse of discretion in refusing to give the additional instruction.

### II.

■ Boyd claims the jury's verdicts finding him guilty of simple robbery and not guilty of kidnapping to facilitate the commission of any felony, are repugnant, and reversibly inconsistent. Generally, a defendant is not entitled to a new trial or dismissal simply because a jury found him guilty of one count of a two count indictment, even if the guilty and not guilty verdicts are logically inconsistent. *See State v. Czech,* 343 N.W.2d 854, 856 (Minn. 1984) (citing *State v. Olkon,* 299 N.W.2d

89, 104 (Minn.1980), *cert. denied,* 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981); *State v. Juelfs,* 270 N.W.2d 873, 874 (Minn. 1978). The verdicts in this case do not mandate reversal of the simple robbery conviction.

### III.

Boyd claims there is insufficient evidence to support his conviction. He does not dispute that a robbery occurred. He simply asserts there is insufficient evidence to prove that he had any intent to participate, aid or promote the robbery. In reviewing Boyd's claim, this court must view the evidence in the light most favorable to the verdict. *State v. Parker,* 353 N.W.2d 122, 127 (Minn.1984).

If an accused plays at least some knowing role in the commission of a crime and does not take steps to thwart its completion, a jury may infer the requisite mens rea for an aiding and abetting conviction. *State v. Strimling,* 265 N.W.2d 423, 429 (Minn.1978). "Presence, companionship, and conduct, before and after the offense are circumstances from which the requisite criminal intent may be inferred." *See In the Matter of the Welfare of M.D.S.,* 345 N.W.2d 723, 733 (Minn.1984).

There is sufficient evidence to sustain Boyd's conviction. Sigler and Wittkopp, were forced into a car subsequently controlled and driven by Boyd. Despite demands to be released, Boyd made no effort to stop the car and voiced no disapproval of his accomplice's action. After only Wittkopp's wallet was returned, minus $85.00 in cash, Boyd proceeded to drive away quickly with his accomplices. Shortly afterward, Boyd was found near the car with property belonging to Sigler lodged in the car's window. Although there are a number of minor inconsistencies in the victims' stories, it is the exclusive function of the jury to weigh the credibility of the witnesses. *See State v. Pieschke,* 295 N.W.2d 580, 584 (Minn.1980). Here a jury could reasonably infer that Boyd intended to aid or assist his accomplices with the robbery. *See generally State v. Bellec-*

*ourt,* 277 Minn. 163, 165, 152 N.W.2d 61, 62–63 (1967).

### DECISION

The trial court's jury instructions were proper. The alleged inconsistent jury verdicts do not mandate reversal of appellant's conviction and there is sufficient evidence to sustain the conviction.

Affirmed.