**In the Matter of the WELFARE OF D.W.O., Child.**

**No. C4–98–1820.**

Court of Appeals of Minnesota.

May 11, 1999.

Mike Hatch, Attorney General, St. Paul, and Donald F. Ryan, Crow Wing County Attorney, Janine L. LePage, Assistant County Attorney, Brainerd (for respondent state).

John M. Stuart, State Public Defender, Charlann Winking, Assistant State Public Defender, Minneapolis (for appellant child).

Considered and decided by DAVIES, Presiding Judge, PETERSON, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY, Judge.*

This appeal is from an adjudication of delinquency for conspiracy to commit first-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

degree criminal damage to property. Minn.Stat. §§ 609.175, subd. 2, 609.595, subd. 1(3) (1996). Because we conclude the trial court erred in adjudicating appellant D.W.O. delinquent based on a conspiracy theory not charged in the delinquency petition, we reverse.

## FACTS

Appellant D.W.O. was charged by delinquency petition with disorderly conduct and aiding and abetting first-degree criminal damage to property. The petition alleged that D.W.O. was among a group of juveniles in two different cars from which dog biscuits were thrown at another vehicle, causing more than $500 in damage.

The victim testified that after a confrontation with another car, she noticed two vehicles following her. People in the two cars started throwing what the victim thought were rocks at her car. She saw D.W.O., whom she knew slightly, in one of the cars, but she did not see him throw anything.

The driver of the pursuing car that D.W.O. was *not* seated in testified that passengers in her car stopped to buy dog biscuits after the confrontation, apparently to be thrown at the victim's car. The investigating officer testified that D.W.O. admitted throwing dog biscuits at some point, but said he did not throw any at the victim's car. D.W.O. agreed, however, that the dog biscuits were purchased with the intent of throwing them at the vehicle.

The trial court found the evidence insufficient to prove D.W.O. threw any of the dog biscuits that struck the victim's car. The court stated, however, that it believed D.W.O. was guilty of conspiracy to commit criminal damage to property and adjudicated D.W.O. delinquent on "the lesser-included offense of conspiracy to commit damage to property."

## ISSUE

Did the trial court err in adjudicating appellant on an offense not charged in the delinquency petition?

## ANALYSIS

D.W.O. argues that the trial court erred in adjudicating him delinquent of conspiracy to commit criminal damage to property, a crime that was not charged in the petition and was not a lesser-included offense of any crime charged in the petition. The state concedes that conspiracy to commit criminal damage to property is not a lesser-included offense of criminal damage to property. *See State v. Lucas*, 372 N.W.2d 731, 740–41 (Minn.1985) (holding that conspiracy to commit murder is not lesser-included offense of first-degree murder). But the state argues D.W.O. has not shown reversible error, because he has not shown that the court's de facto amendment to the petition denied him the opportunity to present a defense. *See State v. Gisege*, 561 N.W.2d 152, 159 (Minn.1997) (conviction for charge that was at variance with indictment would be reversed only if defendant was deprived of opportunity to prepare defense).

■ It is fundamental error to convict a defendant of a crime with which he was not charged. *Id.* D.W.O. was not charged with conspiracy, which is a substantive offense separate from the crime that is the object of the conspiracy. *State v. Burns*, 215 Minn. 182, 186, 9 N.W.2d 518, 520 (1943). The trial court's adjudicating D.W.O. delinquent for conspiracy to commit criminal damage to property in effect amended the petition to charge that offense.

■ A delinquency petition may be amended anytime before a finding adjudicating the charges, but only "if no additional or different offense is alleged and if substantial rights of the child are not prejudiced." Minn. R. Juv. P. 6.04, subd. 1(C). The trial court's adjudicating D.W.O. delinquent for conspiracy added a different substantive offense.

The state argues that because D.W.O. was charged with aiding and abetting

criminal damage to property, the trial court did not add an offense by adjudicating on conspiracy, and, in any event, the substantial rights of D.W.O. were not prejudiced. We disagree.

Aiding and abetting may be committed by an act of "conspiring." Minn. Stat. § 609.05, subd. 1 (1996). But conspiracy is more than merely aiding and abetting:

> Whoever conspires with another to commit a crime and in furtherance of the conspiracy one or more of the parties does some overt act in furtherance of such conspiracy [is guilty of conspiracy.]

Minn.Stat. § 609.175, subd. 2 (1998). "Conspiracy requires a collective criminal agreement to commit a crime and an overt act in furtherance of the agreement." *State v. Evans*, 347 N.W.2d 813, 817 (Minn.App.1984), *review denied* (Minn. July 26, 1984). The defendant must agree to commit the crime. *State v. Aviles–Alvarez*, 561 N.W.2d 523, 526 (Minn.App. 1997), *review denied* (Minn. June 11, 1997). Aiding and abetting requires only that the defendant played some knowing role in the offense, which may be inferred from presence, companionship, and lack of objection to the criminal conduct. *State v. Pierson*, 530 N.W.2d 784, 788 (Minn.1995).

The state did not present evidence that D.W.O. entered into an agreement to throw dog biscuits at the victim's car. The state presented evidence only that D.W.O. was aware of that agreement. Thus, had the state charged conspiracy to commit criminal damage to property in the petition, D.W.O. could have defended against that charge by showing the lack of evidence that he entered into any agreement. Instead, the court itself added the conspiracy charge by its adjudication made after the close of the evidence. At that point, it was too late to attempt to defend against the charge of conspiracy.

We acknowledge that aiding and abetting and conspiracy are related theories of criminal liability. But the statutes have different elements and reflect different legislative intents. *See generally State v. Bellecourt*, 277 Minn. 163, 165, 152 N.W.2d 61, 63 (1967) (noting that although conspiracy and aiding and abetting statutes have similar language, the legislative intents behind them are different). If the state had charged that D.W.O. aided and abetted the crime by "conspiring" and presented evidence that he entered into an agreement, there may have been no prejudice. But the state presented little evidence that D.W.O. entered into an agreement. It was the occupants of the *other* car who bought the dog biscuits. Although occupants of the car D.W.O. was in did obtain biscuits, they apparently did not originate the "plan," and D.W.O.'s mere presence in that car may be insufficient to prove he entered into the agreement, even tacitly. The trial court's adjudication of delinquency on a conspiracy theory denied D.W.O. the opportunity to challenge the weakness in the evidence supporting that offense.

## DECISION

The trial court erred in adjudicating appellant delinquent for conspiracy to commit first-degree criminal damage to property, an offense different from that charged in the delinquency petition.

**Reversed.**