STATE of Minnesota, Respondent,

v.

**Cyrus Nyakundi NYAGWOKA,
Appellant.**

**A16-1418**

Court of Appeals of Minnesota.

Filed April 3, 2017

Lori Swanson, Attorney General, St. Paul, Minnesota; and Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent).

Arthur R. Martinez, Matthew T. Martin, Minneapolis, Minnesota (for appellant).

Considered and decided by Kirk, Presiding Judge; Schellhas, Judge; and Bratvold, Judge.

## OPINION

SCHELLHAS, Judge

Appellant argues that the district court erred by sua sponte considering and convicting him of misdemeanor domestic assault as a lesser-included offense of second-degree assault. We reverse.

## FACTS

Appellant Cyrus Nyagwoka was in a relationship with J.O. from 2010 until late 2014. At the end of their relationship, J.O. began seeing G.N., an Arizona resident. Nyagwoka and J.O. remained in contact with each other, and Nyagwoka still possessed a key to J.O.'s apartment. In December 2014, G.N. was visiting J.O. in her apartment when Nyagwoka entered. Nyagwoka learned of J.O.'s new relationship with G.N. and became upset, demanding to know more about the relationship. When G.N. stated that he would be late for a flight, Nyagwoka insisted on taking G.N. to the airport, which he did. Later that evening, Nyagwoka contacted J.O. to ask her whether she had driven to the airport to retrieve G.N. after he had dropped him off. The question led J.O. to suspect that Nyagwoka was jealous of her new relationship and was watching her.

The next day, J.O. was in her apartment talking on the phone with a friend when Nyagwoka returned. Nyagwoka believed J.O. was talking to G.N. and demanded that J.O. give him the phone. J.O. threw the phone into a closet to keep her friend on the line, and Nyagwoka pushed J.O. onto the floor and kicked and stepped on her. J.O.'s friend heard some of the activity over the phone and called 911.

After the assault, Nyagwoka escorted J.O. to his vehicle and drove northbound. J.O.'s friend eventually was able to call her, and J.O. explained that she was in Nyagwoka's vehicle. J.O.'s friend again called 911 to update the police on J.O.'s status. Based on the 911 calls, a police officer was dispatched to J.O.'s apartment on two occasions. On the first visit, the officer did not find anyone at J.O.'s apartment. On the second, the officer encountered J.O. stumbling outside her apartment. J.O. told the officer that Nyagwoka assaulted her. Specifically, J.O. claimed that Nyagwoka punched her at least 20 times and threatened her with a knife. J.O. was taken to the hospital, and an examination revealed bruises, scrapes, and tenderness to her neck, ribs, finger, wrist, and upper arm.

Respondent State of Minnesota charged Nyagwoka with second-degree assault in violation of Minn. Stat. § 609.222, subd. 1 (2014) (assault with a dangerous weapon) and terroristic threats in violation of Minn.

Stat. § 609.713, subd. 1 (2014).[1] At a bench trial, J.O. testified that Nyagwoka threatened her with a ten-inch knife during the assault and told her "this is your last day." After trial, the district court found that Nyagwoka had injured J.O. but concluded that reasonable doubt existed as to whether he threatened her with a knife and uttered "this is your last day." The district court then sua sponte considered the charge of misdemeanor domestic assault under Minn. Stat. § 609.2242, subd. 1 (2014), as a lesser-included offense of second-degree assault and found Nyagwoka guilty of misdemeanor domestic assault because "both parties agree[d] that [Nyagwoka] and [J.O.] were previously [i]nvolved romantically" and the evidence showed he intentionally inflicted bodily harm on J.O.

Nyagwoka appeals.

## ISSUE

Did the district court err by convicting Nyagwoka of misdemeanor domestic assault as a lesser-included offense of second-degree assault?

## ANALYSIS

■ Nyagwoka argues that the district court erroneously treated misdemeanor domestic assault as a lesser-included offense of second-degree assault. Whether an offense is a lesser-included offense of a charged offense is a legal question that appellate courts review de novo. *State v. Cox*, 820 N.W.2d 540, 552 (Minn.2012). "It is elementary that one must be tried and convicted only of the accused charge or a lesser included offense." *State v. Voracek*, 353 N.W.2d 219, 220 (Minn.App.1984); *see also Schmuck v. United States*, 489 U.S. 705, 717, 109 S.Ct. 1443, 1451, 103 L.Ed.2d 734 (1989) ("It is ancient doctrine of both the common law and our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him."). Under Minnesota law, an "included offense" is:

(1) A lesser degree of the same crime; or

(2) An attempt to commit the crime charged; or

(3) An attempt to commit a lesser degree of the same crime; or

(4) A crime necessarily proved if the crime charged were proved; or

(5) A petty misdemeanor necessarily proved if the misdemeanor charge were proved.

Minn. Stat. § 609.04, subd. 1 (2014).

■ Misdemeanor domestic assault does not constitute an included offense of second-degree assault under any of these statutory definitions. Because misdemeanor domestic assault is neither an attempt offense nor a petty misdemeanor, it is not "[a]n attempt to commit the crime charged," "[a]n attempt to commit a lesser degree of the same crime," or "[a] petty misdemeanor necessarily proved if the misdemeanor charge were proved." *Id.*, subd. 1(2)–(3), (5).

Misdemeanor domestic assault also is not a "lesser degree" of second-degree assault. *Id.*, subd. 1(1). The legislature has created a multi-tiered statutory scheme that assigns assault to one of five degrees. *See* Minn. Stat. §§ 609.221 (assault in the first degree), .222 (assault in the second degree), .223 (assault in the third degree), .2231 (assault in the fourth degree), .224 (assault in the fifth degree). But the legislature did not include domestic assault in this multi-tiered scheme. Rather, domestic

---

1. The legislature has renamed the offense of "terroristic threats" to "threats of violence." 2015 Minn. Laws ch. 21, art. 1, § 109, at 234. Because the change occurred after Nyagwoka allegedly committed his offense, this opinion refers to the offense as "terroristic threats."

assault is addressed in a separate statutory scheme that does not assign any offense degrees. *See* Minn. Stat. § 609.2242 (2014) (treating domestic assault as either a misdemeanor, gross misdemeanor, or felony). Because misdemeanor domestic assault is not a lesser degree of second-degree assault, it is not an included offense under section 609.04, subdivision 1(1).

Finally, misdemeanor domestic assault is not a crime "necessarily proved" when second-degree assault is proved. Minn. Stat. § 609.04, subd. 1(4). "An offense is necessarily included in a greater offense if it is impossible to commit the greater offense without committing the lesser offense." *State v. Bertsch*, 707 N.W.2d 660, 664 (Minn.2006) (quotation omitted). "In determining whether one offense necessarily is proved by the proof of another, the trial court must look at the statutory definitions rather than the facts in a particular case." *State v. Gisege*, 561 N.W.2d 152, 156 (Minn.1997) (quotation omitted). To prove second-degree assault, the state must show that the defendant "assault[ed] another with a dangerous weapon." Minn. Stat. § 609.222, subd. 1. Misdemeanor domestic assault requires proof that the defendant "intentionally inflict[ed] or attempt[ed] to inflict bodily harm" "against a family or household member." Minn. Stat. § 609.2242, subd. 1(2). Because second-degree assault does not require proof that the victim is a family or household member, it is possible to commit second-degree assault without also committing misdemeanor domestic assault. Misdemeanor domestic assault therefore is not an included offense under section 609.04, subdivision 1(4).

The district court erred by convicting Nyagwoka of an offense that was neither charged nor a lesser-included offense. *See Gisege*, 561 N.W.2d at 156. We must reverse the conviction if the error "deprived the defendant of a substantial right, namely, the opportunity to prepare a defense to the charge against him." *Id.* at 159 (quotation omitted). "Ultimately, [the court] must ask whether the erroneous charge denied the defendant the opportunity to prepare an adequate defense." *Id.* The state argues that we should affirm Nyagwoka's conviction because the district court found that he had essentially conceded the "family or household member" element for misdemeanor domestic assault. But the argument overlooks the fact that Nyagwoka did not know that the element was at issue—the district court sua sponte considered the misdemeanor domestic-assault charge after the bench trial had concluded. As the supreme court noted in *Gisege*, "[t]he purpose of restricting the prosecution to the charges included in either the complaint or indictment is to provide the defendant with notice and an opportunity to prepare his or her defense." *Id.* at 157 (emphasis omitted). By sua sponte considering a charge of misdemeanor domestic assault after the close of evidence, the district court deprived Nyagwoka of an opportunity to defend against an element of the charge. Specifically, had Nyagwoka known that the "family or household member" element was relevant, he would have had an opportunity to present evidence and argument at trial as to whether the state satisfied its burden of proof on that element. *Cf. In re Welfare of D.W.O.*, 594 N.W.2d 207, 210 (Minn.App. 1999) (concluding that the district court's adjudication of delinquency on a conspiracy theory not charged in the delinquency petition denied the defendant the opportunity to challenge the evidence supporting the offense). Because Nyagwoka did not have that opportunity, the district court's error was prejudicial.

## DECISION

The district court erred by sua sponte treating misdemeanor domestic assault as a lesser-included offense of second-degree assault, which deprived Nyagwoka of the opportunity to prepare a defense to that charge. We therefore reverse Nyagwoka's misdemeanor domestic-assault conviction.

**Reversed.**